CLEVELAND BAR ASSOCIATION *v.* BRIGGS.

[Cite as *Cleveland Bar Assn. v. Briggs* (2000), 89 Ohio St.3d 74.]

(No. 99–1576—Submitted January 11, 2000—Decided May 24, 2000.)

*Leon A. Weiss* and *Patti Jo Malnar*, for relator.
*John J. Montello*, for respondent.

**Per Curiam.** We adopt the findings and conclusions of the board. As we said in *Warren Cty. Bar Assn. v. Bunce* (1998), 81 Ohio St.3d 112, 115, 689 N.E.2d 566, 568, "When imposing a sanction, we will consider not only the duty violated, but the lawyer's mental state, the actual injury caused, and whether mitigating factors exist." Based on our review of the record and noting that respondent has already been censured by the probate court, we suspend respondent from the

practice of law for one year, with the entire year stayed. During the year of stayed suspension respondent shall be on probation and her legal practice monitored by an attorney selected by and reporting regularly to the relator. Costs are taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

---

COOK, J., dissenting. I agree with the majority that suspension is the appropriate sanction here, but I respectfully depart from the majority's decision to stay the entire suspension in favor of supervised probation.

The majority's decision to suspend respondent finds support in the ABA Standards for Imposing Lawyer Sanctions.[1] When respondent filed documents with the Secretary of State indicating that she was the sole incorporator of Raphael's Inc., she engaged in conduct involving fraud, dishonesty, deceit, or misrepresentation. Respondent also handled a legal matter that she knew she was not competent to handle. The ABA Standards provide that "[i]n order to protect the public, a suspension should be imposed in cases when a lawyer engages in practice areas in which a lawyer knows that he or she is not competent." Standard 4.52, Commentary.

Citing "substantial" mitigating evidence, the majority chooses to depart from the board's recommendation and to stay respondent's entire suspension. I agree that respondent's lack of a dishonest or selfish motive, cooperative attitude toward the disciplinary proceedings, censure by the probate court, and honorable reputation are mitigating factors that reflect the board's own recently proposed Guidelines for Imposing Lawyer Sanctions.[2] And due to these mitigating factors, I would stay six months of respondent's suspension. Nevertheless, I concur with the panel's recommendation that "any sanction which [does] not include some actual suspension from the practice of law would send the wrong message to the rest of the Bar and to the public in general." The panel's approach reflects the ABA's position that "[i]f a lawyer's misconduct is serious enough to warrant a suspension from practice, the lawyer should not be reinstated until rehabilitation

---

1. See ABA Center for Professional Responsibility, Standards for Imposing Lawyer Sanctions (1991 & Amend.1992).

2. See Board of Commissioners on Grievances and Discipline, Proposed Rules and Regulations Governing Procedure on Complaints and Hearings, Sections 10(B)(2), (4), (5), and (6), Guidelines for Imposing Lawyer Sanctions.

can be established.  \* \* \* [I]t is preferable to suspend a lawyer for at least six months in order to ensure effective demonstration of rehabilitation."   Standard 2.3, Commentary.

Because I believe that the board's recommended one-year suspension with six months stayed is the appropriate sanction in this case, I respectfully dissent.

MOYER, C.J., concurs in the foregoing dissenting opinion.